```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NORTH SEA ASSOCIATES, INC.,

                 Plaintiff,         MEMORANDUM AND ORDER
                                    11-CV-0048(JS)(GRB)
       -against-

PAYTON LANE NH, INC.,

                 Defendant,
----------------------------------X
PAYTON LANE NH, INC.,

                 Third-Party
                 Plaintiff,

       -against-

PFC CORPORATION,

                 Third-Party
                 Defendant.
----------------------------------X
```
APPEARANCES:
For North Sea:      Sanford Strenger, Esq.
                    Salamon, Gruber, Blaymore & Strenger, P.C.
                    97 Powerhouse Road, Suite 102
                    Roslyn Heights, NY 11577

For Payton:         Stuart S. Zisholtz, Esq.
                    Meng Cheng, Esq.
                    Zisholtz & Zisholtz
                    170 Old Country Road, Suite 300
                    Mineola, NY 11501

PFC Corp.:          No appearances.

SEYBERT, District Judge:

Pending before the Court is Plaintiff North Sea Associates, LLC's ("North Sea") motion to remand this action to the New York State Supreme Court, Suffolk County. (Docket Entry 30.) Defendant Payton Lane NH ("Payton") does not oppose the motion (Docket Entry 31) and Third-Party Defendant PFC Corporation ("PFC") has yet to appear in this action. For the following reasons, North Sea's motion is GRANTED.

## BACKGROUND

North Sea commenced this action in New York State Supreme Court, Suffolk County, against Payton to recover damages for breach of contract, misrepresentation, and conversion. Payton then commenced a third-party action against PFC and the United States Department of Housing and Urban Development ("HUD") seeking a declaratory judgment that Payton: (1) has no liability to HUD, PFC, or North Sea, and (2) has satisfied all contractual obligations to North Sea, HUD, and PFC. HUD removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) and filed a motion to dismiss the Third-Party Complaint as against it for lack of subject matter jurisdiction. On December 6, 2011, the Court granted HUD's motion and dismissed all claims asserted against HUD in the Third-Party Complaint. On January 6, 2012, North Sea filed the instant letter motion to remand on

the ground that HUD's dismissal divested the Court of subject matter jurisdiction.

## DISCUSSION

I. Lack of Subject Matter Jurisdiction

North Sea asserts that the case must be remanded back to state court because "HUD was dismissed as a third-party defendant in the action and based upon that dismissal subject matter jurisdiction of the Court no longer exists, since the sole basis of jurisdiction was under 28 U.S.C. § 1442(a)(1)" (Docket Entry 30). The Court disagrees. When an action is removed pursuant to § 1442(a)(1), dismissal of the claims against the federal agency or officer on which removal jurisdiction was based does not deprive the federal court of jurisdiction over the pendent state law claims. See Galella v. Onassis, 487 F.2d 986, 996 (2d Cir. 1973); Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y., 732 F.2d 38, 42 (2d Cir. 1984). Therefore, HUD's dismissal in the instant case does not deprive the Court of subject matter jurisdiction.

II. Discretion to Remand

Rather, "[w]hether the claim [is] to be remanded [is] within the court's discretion after consideration of judicial economy and fairness to the litigants." Galella, 487 F.2d at 996. In deciding whether to remand, the Court should also consider "the policy of having federal courts avoid 'needless

3

decisions of state law,'" Falls Riverway, 732 F.2d at 42 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)), and "the legitimate interests and expectations of the parties in having a trial in federal court," id.

Analyzing these factors, the Court finds that remand is appropriate here. Although the case was removed to federal court in January 2011, discovery did not commence until August 2011 and will remain open until January 31, 2012. And aside from HUD's motion to dismiss, no dispositive motions have been filed and the Court has not expended any significant time or resources familiarizing itself with New York law as applied to this case. Furthermore, both North Sea and Payton prefer to proceed in state court.

## CONCLUSION

For the foregoing reasons, North Sea's motion to remand is GRANTED. The Clerk of the Court is directed to remand this case to the New York State Supreme Court, Suffolk County, and mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  17 , 2012
       Central Islip, NY